LILLIAN ANDRES, Respondent, v. REYNOLD MCKEOWN, Appellant.— *Per Curiam*. Appeal from a judgment of the Supreme Court, entered April 1, 1968 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff instituted the present action to recover damages for personal injuries sustained when she fell from a platform while entering her mother's apartment. The floor of that apartment was some six inches lower than the floor of the hallway outside. The platform in question, a box-like, wooden structure approximately 6 inches high, 17¼ inches deep and 32 inches wide, had been placed by the defendant landlord wholly within the apartment immediately adjacent to the hallway floor in such a manner that one opening the door and entering the apartment from the hallway would first step onto the platform which was composed of a light colored wood. The concrete floor surrounding it was dark red in color. The platform was on the premises when plaintiff's mother moved into the apartment on October 1, 1964. Plaintiff had helped her mother move, had visited her there on other occasions prior to the fall and had stayed overnight in the apartment for a few nights prior to the day of the accident. Plaintiff testified that on October 5, 1964, she had spent the greater part of the day with her mother at the apartment and that at approximately 11:00 P.M., she decided to go to her sister's apartment and bring back some of her mother's clothing and novelties which had not as yet been moved. Upon finding that her sister was not at home, she returned to her mother's apartment, opened the door, took one step inside and fell as she was taking a second step down from the platform. She further testified that she had momentarily forgotten that the platform was there. Submitted to the jury, among other issues, was the question of whether the platform as constructed in those premises presented a trap or hidden danger to the plaintiff, thereby requiring that warning thereof be given. (See *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137, 146.) The jury returned a verdict for plaintiff and this appeal is taken from the judgment entered thereon. In our opinion, the testimony failed to establish the existence or maintenance of a trap or hidden danger with respect to this plaintiff. Apart from the obvious nature of the condition created by the placement of the platform, the plaintiff's own testimony clearly demonstrates her familiarity

with the premises and the platform at the entranceway. Not only had plaintiff made several visits to the apartment, but she also had stayed overnight there for a few days prior to the incident. Under the circumstances, the claim of lack of knowledge on her part is controverted by the evidence. In view of the record before us and our determination thereon, we need not pass on the other issues raised. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam.*